|  |  |
|---|---|
| **KIRK DOUGLAS FLEMING,** | * |
| **Petitioner,** | * |
|  | * |
| **v.** | *      **Case No.: GJH-15-3272** |
|  | * |
| **DIONNE RANDOLPH,** | * |
| **Respondent.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Kirk Douglas Fleming filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] challenging the Maryland Parole Commission's failure to hold a timely revocation hearing following a parole retake warrant served on August 28, 2015. ECF No. 1. Respondent requests that the Court deny the petition on the basis that Fleming failed to exhaust his claim in state court prior to instituting this case. ECF No. 4. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Fleming's petition is denied.

## I. BACKGROUND

Fleming, a state inmate, was released on parole from the Maryland Division of Corrections on April 10, 2009. ECF No. 4 at 2.[2] The Maryland Parole Commission issued a retake warrant for Fleming on August 28, 2015, and he was returned to custody on September 30, 2015. *Id.* At the time Fleming filed his petition, his revocation hearing was scheduled for

---

[1] Although this petition was docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, it is more correctly considered a petition for writ of habeas corpus under 28 U.S.C. § 2241 because petitioner is not challenging the validity of his criminal conviction. Rather, petitioner is asserting that he is entitled to release because a timely revocation hearing has not been had.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2015. *Id.* As of the date of the filing of Respondent's answer, Fleming had not filed any action in state court challenging his detention on a retake warrant. *Id.* at 3.

## II. DISCUSSION

Fleming, who at the time of the filing of this petition awaited a parole revocation hearing, claimed he was entitled to release from detention because he was not provided with a revocation hearing within 60 days of being detained on the retake warrant. ECF No. 1. The relevant Maryland regulation provides that:

> A parole revocation hearing shall be held within 60 days after apprehension of the parolee on the parole violation warrant, *except that failure to hold the hearing within the 60-day period may not be in contravention of this paragraph if the parole violation warrant is not the sole document under which the parolee is detained or incarcerated.* This paragraph may not serve to invalidate the action of the Parole Commission in revoking the parole of an individual if, under all the circumstances, the revocation hearing is held within a reasonable time after the parolee was apprehended and detained for violation of parole under the parole violation warrant.

COMAR 12.08.01.22.F(2)(A) (emphasis added).

To the extent Fleming is seeking an order mandating the Maryland Parole Commission to provide him with a parole revocation hearing, the Court does not have jurisdiction to grant mandamus relief in this instance. Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner; this mandamus jurisdiction does not apply to state employees, such as the Maryland Parole Commission. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

To the extent he seeks an order requiring his release from detention, the claim is a matter of state law and must first be presented to the state court for review before federal habeas relief may be granted. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long

2

recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment).

The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Thus, before filing a federal habeas petition, Fleming must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). At the time of Fleming's petition, this process had not been completed.

Even if the Court were to have subject matter jurisdiction, Fleming's claim does not appear to have merit. Although Fleming asserts he was held solely for the retake warrant issued by the Maryland Parole Commission, he was charged with new criminal offenses before issuance of the retake warrant.[3] ECF No. 4 at 7. As such, it appears that the parole retake warrant was not the sole document under which Fleming was detained, making the 60 day hearing requirement potentially inapplicable.

---

[3] Review of the Maryland Judiciary Case Search indicates that Fleming ultimately pled guilty to one count of CDS possession-not marijuana on March 22, 2016 and was sentenced to six years of incarceration. *See State v. Fleming*, Case Number 02-K-15-001385, Circuit Court for Anne Arundel County, Maryland. According to personnel at the Division of Corrections, Fleming was released on September 18, 2017, likely rendering his petition moot.

## III.   CONCLUSION

For these reasons, Fleming's petition for writ of habeas corpus, ECF No. 1, is denied. A separate Order follows.

Dated: October 30, 2017

GEORGE J. HAZEL
United States District Judge